UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO LOPEZ III,

        Plaintiff,                       Case No. 2:24-cv-11836

v.                                        Honorable Susan K. DeClercq
                                            United States District Judge
GATEWAY FINANCIAL
SOLUTIONS CORP.,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING CASE *SUA SPONTE* FOR FAILURE TO PROSECUTE AND FOR LACKING MERIT AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Sotero Lopez filed this lawsuit and sought permission to proceed without prepaying to do so. But his application demonstrated that he could afford to pay the filing fee yet had not paid, so he was directed to pay the fees. ECF No. 6. (citing *Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich.), *recons. denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023)). Plaintiff was also explicitly told that if he failed to pay the fees, then his complaint would be dismissed under 28 U.S.C. § 1915(b), (e)(2)(A) and Civil Rule 41(b) for failure to prosecute. *Id.* Plaintiff's deadline was August 1, 2024. *See* FED. R. CIV. P. 6(d).

He has not prepaid the fees or properly requested an exemption. He responded with a motion for reconsideration, attaching bank statements that he claims prove he

cannot pay, without explanation, and the details of two trusts he claims he may not access "for court fees." ECF No. 6 at PageID.65. But he does not explain how these documents demonstrate that he cannot pay $402.00, nor any of his hundreds of CashApp deposits and withdrawals during the past few months, creating the appearance that he has ample ability to pay the fees here. *See id.* at PageID.113–37.

Therefore, this Court must presume that he is proceeding without prepayment, assess the whole fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). "If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *Id.*; *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (holding that *McGore* applies "where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (same for cases dismissed "under § 1915(e)(2)(A)"); *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

That said, his complaint would fail on the merits too. The Prison Litigation Reform Act of 1995 (PLRA) mandates that prisoners who bring a civil lawsuit *in forma pauperis* must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)

(as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Yet district courts may permit prisoners to proceed *in forma pauperis* if they submit an affidavit detailing their assets and saying they cannot pay the fees. *See* 28 U.S.C. § 1915(a)(1).

However, under the three-strikes rule, an *in forma pauperis* complaint must be dismissed if the filer has had at least three prior *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim for which relief could be granted. *See id.* § 1915(g). The only exception is if the complaint plausibly alleges an "imminent danger of serious physical injury." *Id.* Courts may *sua sponte* apply the three-strikes rule, *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997), and take judicial notice of a plaintiff's prior dismissals, *Ferguson v. United States*, 592 F. Supp. 3d 614, 615 n.1 (E.D. Mich. 2022) (citations omitted).

Lopez has had at least five other *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim. *See, e.g.*, *Lopez v. Benson*, No. 24-CV-10916 (E.D. Mich. June 6, 2024), ECF No. 7 (dismissing case for lack of jurisdiction); *Lopez v. Palmer*, No. 5:24-CV-11284 (E.D. Mich. June 26, 2024), ECF No. 7 (same); *Lopez v. JP Morgan Chase*, No. 2:24-CV-10990 (E.D. Mich. June 13, 2024), ECF No. 13 (same); *Lopez v. First Merchs. Corp.*, No. 2:24-CV-10647 (E.D. Mich. May 10, 2024), ECF No. 24 (same); *Lopez v. Palmer*, No. 2:24-CV-10802 (E.D. Mich., Apr. 22, 2024), ECF No. 11 (same).

Therefore, this complaint must be dismissed unless Lopez plausibly alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Lopez's complaint does not satisfy the imminent-danger exception. Lopez's complaint and motion are both centered on allegations of financial misconduct and the pursuit of a forensic audit and investigation to ensure transparency and legal compliance. *See generally* ECF Nos. 1; 6. There are no specific allegations or evidence indicating that he is facing any imminent physical harm or danger. The nature of the claims and the relief sought relate to financial and legal issues rather than any threat to physical safety.

As Lopez is not under an imminent threat of serious physical injury, his complaint does not qualify for the exception to the three-strikes rule. Therefore, Lopez's complaint must be dismissed, and he will be denied leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action or *appeal[ing] a judgment in a civil action*" absent an allegation of imminent danger (emphasis added)).

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 6, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(b), (e)(2)(A); Fed. R. Civ. P. 41(b).

- 5 -

Further, it is **ORDERED** that the Complaint is **PROHIBITED** from being reinstated to the district court's active docket—even if Plaintiffs pay the filing fees.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3), (g).

**This final order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/2/2024