UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO LOPEZ,

                Plaintiff,                               Case No. 2:24-cv-11836

v.                                           Honorable Susan K. DeClercq
                                               United States District Judge

GATEWAY FINANCIAL SOLUTIONS
CORPORATION,

                Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL DOCKETS AND REMOVE PUBLIC ACCESS TO CASE INFORMATION (ECF No. 9)

In July 2024, Plaintiff Sotero Lopez sued Gateway Financial Solutions Corporation. ECF No. 1. One month later, this Court dismissed his case for failure to prosecute and because he has had at least five other *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim. ECF No. 7.

Now before this Court is Plaintiff's motion "to seal dockets and remove public access to case information." ECF No. 9 at PageID.158. Plaintiff seeks an order "sealing all dockets and removing all filings and case-related information for the case identified as Case No. 2:24-cv-11836-SKD-EAS from public access and third-party platforms, including but not limited to PACER, Justia, or any similar online services." *Id.* Plaintiff explains that he is requesting such relief "due to concerns

regarding privacy, security, and the risk of harm from the exposure of confidential information" which could result in "identity theft, financial fraud, physical threats, or damage to Plaintiff's reputation." *Id.* at PageID.159.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request to seal documents must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

"There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, courts must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal

- 2 -

itself is no broader than necessary." *Id.*

Generally, "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Shane Grp., Inc.,* 825 F.3d at 308 (alteration in original) (quoting *Baxter*, 297 F.3d at 546).

Here, Plaintiff has not put forth specific arguments or information to overcome the presumption of access. *See* ECF No. 9. Indeed, Plaintiff's motion fails to provide "for *each* proposed sealed exhibit or document, a *detailed analysis*, with supporting evidence and legal citations, demonstrating that the request for seal satisfies controlling legal authority." E.D. Mich. LR 5.3(b)(3)(A)(iv) (emphasis added). Although Plaintiff alleges broadly that his pleadings include sensitive personal information that could put him at risk for identity theft or fraud, he does not identify specific docket entries and page numbers containing such sensitive information. What's more, Plaintiff seeks to seal his *entire case*—a drastic remedy which is surely broader than necessary, as not *every* page in *every* document he filed contains sensitive information. Further, to the extent Plaintiff seeks an order removing his case information from third-party legal databases such as Justia, he provides no authority under which this Court may provide such relief. In sum, Plaintiff's motion will be denied for failure to comply with the local rules. *See* E.D.

Mich. LR 5.3(b)(3)(A)(iv).

Accordingly, Plaintiff's Motion to Seal Dockets and Remove Public Access to Case Information, ECF No. 9, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 20, 2025