UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO LOPEZ,

        Plaintiff,                    Case No. 2:24-cv-11836

v.                                        Honorable Susan K. DeClercq
                                             United States District Judge

GATEWAY FINANCIAL SOLUTIONS
CORPORATION,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 11)

In July 2024, Plaintiff Sotero Lopez sued Gateway Financial Solutions Corporation. ECF No. 1. One month later, this Court dismissed his case for failure to prosecute and because he has had at least five other *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim. ECF No. 7. A judgment of dismissal was issued on August 2, 2024. ECF No. 8.

Just over a year later, Lopez filed a Motion for Relief from Judgment under Civil Rule 60(b). ECF No. 11 at PageID.166. In the motion, Lopez asserted that this Court erroneously treated five of his prior cases as "frivolous, malicious, or failing to state a claim," and thus erroneously applied the three-strikes rule. *Id.* He thus requests relief under Civil Rule 60(b)(1), (4), and (6). *Id.* at 166–67. However, later in his motion papers, Lopez states that he "does not seek to reopen the merits of the

underlying complaint, but only to correct the legal characterization of prior dismissals and the nature of this dismissal." *Id.* at PageID.168. On the same day Lopez filed his motion for relief from judgment, *id.*, he also filed a "Notice of Clarification" which Lopez says he filed "strictly for the purpose of correcting and clarifying the record," citing Civil Rule 60(a). ECF No. 12 at PageID.175. Plaintiff goes on to say that he "does not seek reconsideration, amendment, or reopening of judgment. No relief is requested." *Id*. at PageID.176.

## I. LEGAL STANDARD

Under Civil Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In the Sixth Circuit, Civil Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Judicial mistakes need not be "obvious" and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). However, motions seeking relief under Civil Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Additionally, the court may relieve a party from a final judgment if "the judgment is void," FED. R. CIV. P. 60(b)(4), or for "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6).

## II. ANALYSIS

To the extent Lopez seeks relief under Civil Rule 60(b)(1) because he asserts this Court made a mistake of law, such a motion under this subsection must be filed within a year after entry of judgment. *See* FED. R. CIV. P. 60(c)(1). Here, Lopez's motion was filed more than a year after this Court's August 2, 2024, judgment, ECF No. 8, thus any relief requested under Civil Rule 60(b)(1) must be denied.[1]

To the extent Lopez seeks relief under Civil Rule 60(b)(4), such relief is not warranted either. This subsection authorizes a court to relieve a party from a void judgment. *See* Fed. R. Civ. P. 60(b)(4). And a judgment may only be considered void "in the rare instance where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

---

[1] Notably, even if Lopez had filed his Rule 60(b)(1) motion within the timeframe for doing so, it would still be denied. Although it might be true that this Court made a mistake of law when it contemplated application of the three-strikes rule, *see* 28 U.S.C. § 1915(g), to Lopez (a non-prisoner litigant), the primary basis for dismissal of Lopez's complaint was that Lopez failed to establish that he was unable to pay the filing fee and did not then pay the filing fee. *See* ECF No. 7 at PageID.152–53; *see also* ECF No. 5 at PageID.61–62. And that analysis remains sound. As noted, at the time Lopez filed his complaint, he appeared to have a discretionary income, so this Court properly directed him to pay the full filing fee.  ECF No. 5 at PageID.62. And when Lopez failed to pay that fee, the dismissal of his case on the basis for failure to prosecute was appropriate. ECF No. 7 at PageID.152.

opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). No such circumstance exists here.

Finally, to the extent Lopez seeks relief under Civil Rule 60(b)(6), such relief will also be denied. Relief under Civil Rule 60(b)(6) "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Lopez argues he is entitled to relief under this subsection because this Court dismissed his complaint with prejudice and "prohibited reinstatement even if filing fees were later paid." ECF No. 11 at PageID.167. Indeed, a Court may dismiss a case with or without prejudice if it determines the plaintiff's allegation of poverty is untrue. *See McClafferty v. Portage Cnty., Ohio Bd. of Comm'rs*, No. 21-3335, 2021 WL 5755631, at *4 (6th Cir. Dec. 3, 2021) (noting such a dismissal may be with or without prejudice); *Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019) (same); *see also* 28 U.S.C. § 1915(e)(2)(A). Thus, this Court's proper application of 28 U.S.C. § 1915(e)(2)(A) and Civil Rule 41(b) does not create an exceptional or extraordinary circumstance that would warrant relief from judgment under Civil Rule 60(b)(6).

In sum, because the basis for dismissal of Lopez's complaint was proper and dispositive, his motion for relief from judgment will be denied.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF No. 11, is **DENIED**.

                                       */s/ Susan K. DeClercq*
                                       SUSAN K. DeCLERCQ
                                       United States District Judge

Dated: December 5, 2025